NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3277

DANNY R. DAVIDSON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Danny R. Davidson, of Manassas, Virginia, pro se.

Calvin M. Morrow, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were James M. Eisenmann, General Counsel, and Keisha Dawn Bell, Deputy General Counsel.  Of counsel was Joyce G. Friedman.

Appealed from:  Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2009-3277

DANNY R. DAVIDSON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in DC0831090474-I-1.

_____

DECIDED:  February 16, 2010

_____

Before RADER, BRYSON, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

Danny R. Davidson ("Davidson") seeks review of a final decision of the Merit Systems Protection Board ("Board"), which dismissed his appeal from a decision of the Office of Personnel Management ("OPM") recomputing his civil service retirement annuity.  Because the Board correctly determined that it lacked jurisdiction over the appeal, we <u>affirm</u>.

## BACKGROUND

By letter dated March 24, 2009, OPM notified Davidson that it was recomputing his civil service retirement annuity to eliminate credit for his post-1956 military service. The letter stated that this action was being taken because Davidson had not made the required deposit under the Civil Service Retirement System ("CSRS") prior to his retirement, which otherwise would have allowed him to receive benefits for his military

service under both CSRS and the Social Security system. The letter stated that this was OPM's final decision, and it notified him of his right to appeal to the Board.

Davidson filed an appeal with the Board. He requested that his former annuity be restored and that he be allowed to pay the deposit on an installment basis. In response to the appeal, OPM submitted evidence to show that Davidson was informed of the requisite deposit before his retirement and of the potential recomputation of his annuity if he did not make the deposit. Nevertheless, OPM offered to settle the appeal if he paid the deposit in one lump sum. Davidson stated that he "accept[s] the opportunity recommended by OPM to settle this appeal and pay the required deposit." The Board confirmed Davidson's intention in a telephone call. In a subsequent submission, OPM rescinded its decision dated March 24, 2009 because it determined that an administrative error had occurred, but noted that Davidson would be allowed to pay the deposit in one lump sum. In view of the complete rescission, OPM argued that there was no final decision for the Board to review and moved to dismiss for lack of jurisdiction.

On June 5, 2009, the Board granted OPM's motion to dismiss. <u>Davidson v. Office of Pers. Mgmt.</u>, No. DC0831090474-I-1 (M.S.P.B. June 5, 2009). The Board reasoned that, where OPM rescinds its final decision and there is no claim of compensatory damages stemming from discrimination, the Board no longer has jurisdiction over an appeal of that decision. <u>See</u> <u>Brown v. Office of Pers. Mgmt.</u>, 51 M.S.P.R. 261, 263 (1991). In the absence of a petition for review, the Board's initial decision became the final decision of the Board. Davidson appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9) (2006).

DISCUSSION

Whether the Board has jurisdiction over an appeal is a question of law, which this Court reviews de novo. Parrott v. Merit Sys. Prot. Bd., 519 F.3d 1328, 1334 (Fed. Cir. 2008). A "final decision" by OPM is a jurisdictional prerequisite in a Board appeal involving CSRS benefits. 5 C.F.R. § 831.110 (2009).

"A civil service annuitant who retires after September 7, 1982 is entitled to receive credit for active duty military service performed after 1956 under both the CSRS and the Social Security System, but only if the annuitant deposits with the Civil Service Retirement Fund an amount equal to seven percent of the person's total post-1956 military pay." McCrary v. Office of Pers. Mgmt., 459 F.3d 1344, 1347 (Fed. Cir. 2006) (citing 5 U.S.C. § 8334(j)). "If a separated employee, through administrative error, did not make or complete the deposit prior to his retirement, the deadline may be waived and the deposit, with interest, may be paid in a lump sum within a time set by OPM." Id. (citing 5 C.F.R. § 831.2107(a)(1)).

On appeal, Davidson argues that the Board should not have dismissed his appeal, but instead should have ordered OPM to allow him to make the required deposit on an installment basis. He contends that 5 C.F.R. § 831.2107(a)(2) entitles him to this method of payment. Although paragraph (a)(2) does authorize installment payments, it applies only to current employees and Members of Congress. By contrast, paragraph (a)(1), second sentence, applies to separated employees who, like Davidson, failed to make a pre-retirement payment. This provision explicitly excludes the application of paragraph (a)(2): "Notwithstanding the provisions of paragraph (a)(2) of this section, a separated employee who, through administrative error, did not make or complete the

2009-3277                                                3

deposit prior to his or her separation <u>must complete the deposit in a lump sum</u> within the time limit set by OPM when it rules that an administrative error has been made." 5 C.F.R. § 831.2107(a)(1) (emphases added).

Because Davidson is a separated employee who did not make a pre-retirement payment, he is not entitled to make installment payments under 5 C.F.R. § 831.2107(a)(2). Moreover, he does not dispute that OPM rescinded its final decision, which was the decision that he appealed. Accordingly, the Board correctly dismissed the appeal rather than order OPM to allow him to make installment payments. The decision of the Board is affirmed.

COSTS

No costs.